IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS A. THOMPSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-08-3351 |
| WARDEN | : | |
| Defendant | : | |

o0o

**MEMORANDUM OPINION**

Pending in the above-captioned case is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 12. Although Plaintiff sought and was granted an extension of time in which to file a response in opposition to Defendant's motion, he has failed to file anything further. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary.

**Background**

Plaintiff claimed he was not being adequately protected from prison violence when he was housed in Western Correctional Institution (WCI) where he states he was violently raped, beaten and assaulted with knives by members of the DMI (Dead Men Incorporated) gang in 2005. Paper No. 1. He alleges he was told that if he reported the incident a contract would be put on his life and every member of the DMI gang would be instructed to kill him on sight. *Id*. Plaintiff was taken to a hospital emergency room and examined for sexual assault, which was confirmed. He states the Maryland State Police conducted an investigation and he asked for criminal charges to be brought against his assailants. After the assault Plaintiff was transferred to a series of prisons where he continued to suffer assaults from DMI gang members. His chief complaint is that he was forced to come back to WCI for assignment to protective custody, when he could have been sent to Eastern Correctional Institution for the same assignment. *Id*.

Plaintiff further states he would be more safe if he was transferred out of state where he could serve the remainder of his term in general population.

This Court determined that Plaintiff was not entitled to preliminary injunctive relief based upon Defendant's assertions that his assignment to protective custody at WCI, together with the enemies list maintained by prison officials, were adequate safeguards designed to ensure Plaintiff's safety.  This Court further observed that while Plaintiff believes that an interstate transfer is a better way to ensure his safety, he failed to establish that he would suffer irreparable harm if he was not transferred immediately.  Paper No. 7 and 8.

Plaintiff was provided with an opportunity to show cause why the case should not be dismissed as moot.  Plaintiff again alleged that his life remained endangered by DMI gang members in every prison in the state of Maryland.  Paper No. 9.  He claimed there was still a contract on his life and that prison officials did not care.  *Id*.  Plaintiff also claimed there are general population inmates housed in protective custody, a situation which presents a risk of harm to him.[1]  He claims he has told prison officials about his concerns, but was ignored. Plaintiff states that members of the Black Guerilla Family (BGF) gang perform murders for hire on behalf of DMI and that BGF gang members are aware of Plaintiff's presence in protective custody.  *Id*.  He further alleges that member of the Pagans biker club are also after him because he "retired" from the club in 1999.  *Id*.  He states that the Pagans are also present in every prison in Maryland, supporting his claim that an interstate transfer is necessary in his case.  *Id*.

Defendant filed a Motion to Dismiss or for Summary Judgment stating in part that Plaintiff had been assigned to general population and assigned to a preferred job since March of 2009 without experiencing any problems.  Paper No. 12.  He was removed from protective

---

[1] Plaintiff does not specify why the particular general population inmates whom he alleges have access to protective custody present a threat of harm to him.

custody after his claims of being the subject of a gang hit could not be substantiated. *Id*. at Ex. 1, pp. 5 and 9. Processing for Plaintiff's transfer to North Carolina was requested on January 6, 2009, and subsequently denied on February 18, 2009. *Id*. at p. 13.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and

citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

### Analysis

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Plaintiff must establish that Defendant exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.  Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837; s*ee also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

The undisputed evidence in this case establishes that Plaintiff was removed from protective custody after his claims regarding the DMI gang could not be substantiated. Defendant claims, and Plaintiff fails to refute, that he had no problems once assigned to general population and his safety was not in jeopardy.  Plaintiff's stated rationale for an interstate transfer is his issue with multiple prison gangs.  Defendant states that an interstate transfer would

not address the gang threat against Plaintiff because the prison gang problem is a national one. Plaintiff's request for an interstate transfer was thus denied because he could be safely housed in Maryland. Accordingly, given the undisputed facts and allegations in this case, Defendant is entitled to summary judgment in his favor.


March 15, 2010                                          /s/
                                                PETER J. MESSITTE
                                          UNITED STATES DISTRICT JUDGE